UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RMP PROPERTIES OF VALDOSTA, LLC          CIVIL ACTION NO. 26-cv-962

VERSUS                                   JUDGE VAN HOOK

HOUSTON SPECIALTY INSURANCE CO, ET   MAGISTRATE JUDGE HORNSBY
AL

**MEMORANDUM ORDER**

RMP Properties owns a motel on Monkhouse Drive in Shreveport that was covered by an insurance policy issued by Houston Specialty when it was hit by a storm. The claims process was underway, and RMP had triggered the policy's appraisal provision, when RMP ceased communicating about the appraisal and filed this suit. Before the court is Houston Specialty's Motion to Compel Appraisal and Appoint Umpire (Doc. 21). For the reasons that follow, it will be granted.

After the February 2024 storm, RMP reported a claim for wind and hail damage. Houston Specialty sent an independent adjuster to assess the property, and they estimated storm-related damage at about $200,000 replacement cost value (RCV), which was below the policy's deductible of $226,190. RMP retained a public adjuster who provided Houston Specialty with an estimate of a little more than $460,000. Houston Specialty then hired an engineering firm to evaluate that estimate.

The engineer inspected the property, along with representatives of the public adjuster hired by RMP. The engineer found that some hail damage to the walls and roof was caused by the storm, but he attributed various water intrusion damages to a

disconnected roof drain conduit, wind driven rain, or other causes not related to the subject storm. Houston Specialty then engaged a building consultant to value the storm-related damage found by the engineer. The building consultant estimated the covered, storm-related damage at a little less than $140,000 RCV, which again was below the policy deductible. On April 25, 2025, Houston Specialty provided the building consultant's report and estimate to RMP and informed it that no payment would be made.

Just over a month later, on May 29, 2025, RMP invoked a binding appraisal provision in Houston Specialty's policy. It provides as follows:

> 2. Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Houston Specialty promptly acknowledged the appraisal demand. RMP named Jeff Jay with JA Consulting as its appraiser. Houston Specialty named Michael Coduto as its appraiser. Each inspected the property and completed an estimate of damages. Houston Specialty reports that the appraisers exchanged revisions to Coduto's estimate between December 2025 and February 2026, but RMP's appraiser ceased communicating on

February 6, 2026.  RMP filed this suit five days later.  RMP responds that it did so because the claim was set to prescribe and there had not been a timely resolution.

Houston Specialty argues that the court should grant its Motion to Compel Appraisal and Appoint Umpire because a party such as RMP cannot unilaterally withdraw from appraisal unless the policy states that participation is optional or voluntary.  Houston Specialty points out the mandatory language in this policy that once demand for appraisal is made each party "will" select an appraiser and that the appraisers "will" perform certain duties.

RMP responds that the insurer's request for appointment of an umpire is likely untimely under Louisiana law, which emphasizes that an insurer must act promptly with respect to a claim.  RMP notes that Louisiana law generally requires that appraisal be demanded within a reasonable time.  Courts have held that delays of two months are usually acceptable, but delays exceeding four months are often deemed unreasonable.  RMP urges that its own invocation of appraisal was untimely because it came over one year after it filed its property damage claim.  RMP's invocation of the appraisal process came soon after it became apparent that the various adjusters and estimators were not going to be able to agree on an amount of the loss.  That invocation was timely and reasonable, and nothing about its timing allows RMP to back out now.

RMP also argues that Houston Specialty's request to appoint an umpire is untimely because it came more than four months after that process should have been triggered.  Any delay in that regard lies at the feet of RMP because it withdrew from the appraisal process and initiated this lawsuit in March 2026, which has taken a few weeks to get served and

Page **3** of **5**

reach the preliminary motion practice stage.  The court finds that, despite any small and reasonable delay, Houston Specialty's request for an umpire was not prejudicial and did not waive any aspect of the appraisal process.

RMP next argues that the appraisal process would be a waste of time and money because it will not resolve multiple disputes over coverage and causation.  The undersigned has stated in similar cases that even where policy exclusions are in contest, appraisers are nonetheless permitted to make loss assessments and causation determinations.  Any decisions of causation contained in the award may still be challenged by the parties.  Alina, LLC v. State Farm Fire & Casualty Co., 2026 WL 1757824 (W.D. La. 2026); Ascot Specialty Insurance Co. v. AA Alpine Storage, 2026 WL 1483556 (W.D. La. 2026).  The existence of such issues in this case does not allow or require a wholesale rejection of the appraisal process that is specified in the policy and that RMP invoked.

The next issue is the appointment of an umpire.  The two appraisers appointed by the parties did not reach the stage of attempting to select an umpire because communication broke down before that point when RMP ceased communicating.  Both parties submit lists of proposed umpires.  The court finds that the best exercise of its discretion in these circumstances is to be faithful to the policy and allow the two appraisers the opportunity to comply with its command that, "The two appraisers will select an umpire."

Counsel are directed to communicate to the two appraisers that they should complete their appraisals, if they have not already done so, then consult with each other and attempt to agree on an umpire.  The parties are directed to file a joint status report by **July 20, 2026** that identifies the umpire selected or states that the appraisers were unable

to agree.  If the appraisers, who are experts in the field, cannot agree, then the court will be forced to turn to the provision in the policy that if the appraisers cannot agree either may request that the "selection be made by a judge of a court having jurisdiction."  For these reasons, and subject to the provisions stated above, Houston Specialty's **Motion to Compel Appraisal and Appoint Umpire (Doc. 21)** is **granted**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge